**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**PROGRESSIVE NORTHERN INSURANCE** :
**CORPORATION** :
                 **Plaintiff** :
                  :
  **v.** :   **3:CV-04-2550**
                  :   **(JUDGE VANASKIE)**
**MAUREEN T. GUSHANAS, Individually** :
**and as Parent and Natural Guardian** :
**of Daniel Gushanas,** :
**Minor,** :
                 **Defendant** :

**MEMORANDUM**

     This declaratory judgment action brought in this Court on the basis of diversity of citizenship jurisdiction conferred by 28 U.S.C. § 1332 presents the question of whether the occupant of a motor vehicle insured by Plaintiff Progressive Northern Insurance Corporation ("Progressive") is entitled to stack the limits of uninsured motorist ("UM") coverage that Progressive extended to the owner of that vehicle. Progressive and claimant Maureen T. Gushanas, individually and as parent and natural guardian of Daniel Gushanas have filed cross-motions for summary judgment. (Dkt. Entries 32 & 35.) Because the Progressive policy unambiguously restricts the individuals entitled to stacked coverage to the named insured and relatives of the named insured, and the injured claimant is neither a named insured nor a relative of the named insured, stacking is not available here. Accordingly, Progressive's

summary judgment motion will be granted, and the Gushanas motion for summary judgment will be denied.

## I. BACKGROUND

On September 8, 2000, Maureen Gushanas was operating a motor vehicle owned and insured by the Honorable Ann H. Lokuta, a Judge of the Court of Common Pleas of Luzerne County ("Lokuta vehicle").  (Stipulation of Undisputed Facts, Dkt. Entry 33, ¶¶ 4.5.)  Daniel Gushanas, the minor son of Maureen Gushanas, was a passenger in the Lokuta vehicle.  (Id. ¶ 8.)  While stopped at a red light, the Lokuta vehicle occupied by Maureen and Daniel Gushanas was struck in the rear by a motor vehicle operated by Shawn Robert Reilly, an uninsured motorist.  (Id. ¶¶ 10-12.)  As a result of the rear-end impact, Daniel Gushanas sustained severe personal injuries.  (Id. ¶ 13.)

At the time of the accident, the Lokuta vehicle was insured by Progressive.  (Id. ¶ 6.)  The Declarations Page for the policy insuring the Lokuta vehicle confirmed UM liability limits of $250,000 for each person, and $500,000 for each accident.  (Ex. B to Stipulation of Undisputed Facts, Dkt. Entry 33.)  The Declarations Page also confirmed that the UM coverage was "stacked."  (Id.)

The insurance policy  explained the coverage for "Stacked Limits of Liability" as follows:

> If **you** have paid a premium for stacked coverage under this Part III
> with a split limit, and it is shown on the **Declarations Page**, when
> **you** or a **relative** sustain **bodily injury** which is covered under this
> Part III:

2

>    1.   the most **we** will pay for all damages due to **bodily injury** to one (1) person in any one (1) **accident** is the "each person" limit of liability shown on the **Declarations Page** multiplied by the number of **covered vehicles** shown; and
>
>    2.   subject to the "each person" limit, **our** maximum limit of liability for all damages in any one (1) **accident** is the "each accident" limit of liability shown on the **Declarations Page** multiplied by the number of **covered vehicles** shown.
>
>    However, this shall not increase the limit of liability applicable to any **insured person** other than **you** or a **relative.**

(Ex. A to Stipulation of Undisputed Facts.)

The general definitions section of the policy defines "covered vehicle" as "any **vehicle** shown on the **Declarations Page**." (Stipulation of Undisputed Facts ¶ 21.) Three vehicles are listed on the Declarations Page. (See Ex. B to Stipulation of Undisputed Facts.) Thus, the limit of coverage for a person entitled to stacking under the Progressive policy is $750,000.

The general definitions section of the Progressive policy defines "you" as "the person shown as the named insured on the **Declarations Page**, and that person's spouse if residing in the same household." (Ex. A to Stipulation of Undisputed Facts.) It is undisputed that Ann H. Lokuta is the named insured on the Declarations Page. (See Ex. B to Stipulation of Undisputed Facts.)

Relative is defined to mean "a person residing in the same household as [the named

3

insured] who is related to [the named insured] by blood, marriage, or adoption, including a ward, stepchild, or foster child; and . . . a minor in the legal custody of the named insured, or in the custody of a person residing in [the named insured's] household who is related to [the named insured]." (Stipulation of Undisputed Facts ¶ 21.) It is undisputed that neither Maureen nor Daniel Gushanas is a relative of Judge Lokuta.

Part III of the insurance policy concerns UM coverage. In pertinent part, it obligates Progressive to "pay for damages, other than punitive or exemplary damages, which an **insured person** is entitled to recover from the **owner** or operator of an **uninsured motor vehicle** because of **bodily injury** . . . ." (Id. ¶ 20.) The term "insured person" is defined to mean:

a. **you** or a **relative**;

b. any person **occupying** a **covered vehicle;** and

c. any person who is entitled to recover damages . . . because of **bodily injury** sustained by a person described in a or b above.

(Id. ¶ 21.)

Maureen Gushanas, on behalf of her child, submitted a claim for damages under the Progressive UM coverage. In response to the claim, Progressive paid $250,000, which represents the undisputed UM coverage available under its policy. (Id. ¶ 17.) Progressive then brought this declaratory judgment action to determine whether the claimants are entitled to stacked UM coverage. (Id. ¶ 18.)

## II. **DISCUSSION**

Summary judgment is appropriate in an insurance contract dispute where, as here, the materials facts of the controversy are undisputed. As our Court of Appeals has observed, "[d]etermination of the proper coverage of an insurance contract when the underlying facts are not in dispute is a question of law." Niagara Fire Ins. Co. v. Pepicelli, Pepicelli, Watts & Youngs, P.C., 821 F.2d 216, 219 (3d Cir. 1987).

A diversity case, of course, is governed by substantive state law. See State Farm Mut. Auto Ins. Co. v. Coviello, 233 F.3d 710, 713 (3d Cir. 2000). The parties agree that Pennsylvania law is controlling. Under Pennsylvania law, the court's goal is "to ascertain the intent of the parties as manifested by the language of the written instrument." Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983). As our Court of Appeals has explained:

> "A court should read policy provisions to avoid ambiguities, if possible, and not torture the language to create them. 'A provision of an insurance policy is ambiguous if reasonably intelligent [persons] on considering it in the context of the entire policy would honestly differ as to its meaning."

Niagara Fire Ins., 821 F.2d at 220 (quoting Northbrook Ins. Co. v. Kuljian Corp., 690 F.2d 368, 372 (3d Cir. 1982)) (internal quotations and citations omitted).

The UM coverage provisions of the Progressive Policy plainly draw distinctions between, on the one hand, the named insured and the named insured's relatives, and, on the other, a person occupying a covered vehicle. As to stacked limits of liability, the policy explicitly

5

provides that "when you or a relative sustain bodily injury," the limits of Progressive's liability will be the "'each person' limit of liability shown on the **Declarations Page** multiplied by the number of **covered vehicles** shown . . . ."  The policy then specifies that this provision "shall not increase the limit of liability applicable to any **insured person** other than **you** or a **relative**." The plain import of these policy provisions is that stacking is available only to the named insured and her relatives.  Otherwise, there would be no reason to draw a distinction between the named insured and her relatives, on the one hand, and any other insured person, on the other.

Ms. Gushanas complains that the UM coverage provision could have been stated more clearly by, for example, distinguishing between "Class 1 insureds (those who are named insureds or are relatives of the named insured), and Class 2 insureds, who are individuals simply occupying the covered vehicle in question." (Defs.' Br. Opp'n Pl.'s Mot. Summ. J. & Supp. Defs.' Cross-Mot. Summ. J. ("Defs.' Br."), Dkt. Entry 36, at 9.)[1]  The policy's definition of

---

[1] Historically, Pennsylvania courts had categorized UM claimants into three classes, with class 1 consisting of the named insured and her relatives, class 2 comprising any other person while occupying a covered vehicle, and class 3 covering a person entitled to recover damages because of bodily injury sustained by a class 1 or class 2 claimant. U. S. Fid. & Guar. Co. v. Tierney Assocs., Inc., 213 F.Supp. 2d 468, 470 (M.D. Pa. 2002).  As a general rule, only claimants falling within class 1, i.e., the named insured and her relatives, were entitled to stacking. O'Connor-Kohler v. State Farm Ins. Co., 113 F. App'x 472, 473-74 (3d Cir. 2004).  It is undisputed that Daniel Gushanas would fall within class 2, and thus would not be entitled to stacking unless the insurance policy provided otherwise. See Utica Mut. Ins. Co. v. Contrisciane, 473 A.2d 1005, 1010-11 (Pa. 1984).

"insured person" for purposes of UM coverage effectively categorizes claimants into the three classes of insureds historically recognized by the Pennsylvania courts. The policy provisions concerning limits of liability for stacked coverage plainly draw a distinction between those who fall within class 1 and those, like Daniel Gushanas, who fall within class 2.

Ms. Gushanas further complains that ambiguity is created because the policy employs "a statement of covered individuals in the negative, rather than clarifying those individuals entitled to such coverage in the positive." (Gushanas Defs.' Br. 8.) That there may be more than one way in which to express an intention does not mean that the language chosen is ambiguous. The clear thrust of the provision that "this shall not increase the limit of liability applicable to any **insured person** other than **you** or a **relative**" is that an injured claimant who is not the named insured or her relative is outside the class of persons entitled to stack UM coverage.

This conclusion is buttressed by the holding in O'Connor-Kohler v. United Services Automobile Association, 883 A.2d 673 (Pa. Super. Ct. 2005), appeal denied, 897 A.2d 459 (Pa. 2006). In O'Connor-Kohler, both a majority of arbitrators and the state court trial judge had found a provision pertaining to stacking of coverage to be ambiguous in relation to a claimant who was an occupant of a covered vehicle. An en banc Superior Court unanimously found otherwise. The policy at issue in O'Connor-Kohler afforded stacking with the following proviso:

> [T]he most we will pay for bodily injury sustained in such accident by a covered person other than you or any family member is that

>covered person's pro-rata share of the "each person" or "each
>accident" limit of liability shown on the Declarations applicable to
>the vehicle that covered person was occupying at the time of the
>accident . . . .

Id. at 678 (quotations omitted).  The court ruled that this language unambiguously expressed the intention that a "covered person" who is not a named insured or a member of the named insured's family could recover only the amount of coverage "'applicable to the vehicle that [the] covered person was occupying at the time of the accident.'"  Id. at 679.

Although the phraseology in the Progressive policy is different than that considered in O'Connor-Kohler, the intention of the Progressive policy is expressed as clearly as that found in O'Connor-Kohler:  Only the named insured and her relatives are entitled to stacking.[2]

## III. CONCLUSION

For the reasons set forth above, Progressive's Motion for Summary Judgment will be

---

[2]Ms. Gushanas contends that State Farm Mutual Automobile Insurance Co. v. Kramer, No. 12321-2002, 2003 WL 23100165 (Ct. Com. Pl. Mar. 31, 2003), aff'd, 849 A.2d 618 (Pa. Super. Ct. 2004), supports a determination that stacking is required here.  The insurance policy in Kramer, however, did not address the question of who was entitled to stacking.  As the state trial court in Kramer explained:

>There is no explanation of the "Stacking Option".  So while stacking
>is available, the question of who may take advantage of such a
>benefit is not separately addressed.  There is no exclusion for a
>"class two" insured . . . .

Id. at *4.  Here, by way of contrast, the policy clearly and unambiguously identifies who is entitled to stacking and who is not entitled to stacking.  Kramer is thus not applicable here.

granted, and Ms. Gushanas's Motion for Summary Judgment will be denied. An appropriate Order follows.

                                                       **s/ Thomas I. Vanaskie**
                                                       Thomas I. Vanaskie
                                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PROGRESSIVE NORTHERN INSURANCE CORPORATION** | : : | |
| **Plaintiff** | : : | |
| v. | : : | 3:CV-04-2550 |
| | : | **(JUDGE VANASKIE)** |
| **MAUREEN T. GUSHANAS, Individually and as Parent and Natural Guardian of Daniel Gushanas, Minor,** | : : : : | |
| **Defendant** | : | |

## ORDER

**NOW, THIS 18th DAY OF OCTOBER, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Cross Motion for Summary Judgment (Dkt. Entry 35) is **DENIED.**

2. Plaintiff's Motion for Summary Judgment (Dkt. Entry 32) is **GRANTED.**

3. The Clerk of Court is directed to enter judgment in favor of Plaintiff Progressive Northern Insurance Corporation, and to mark this matter **CLOSED.**

                                                         **s/ Thomas I. Vanaskie**
                                                         Thomas I. Vanaskie
                                                         United States District Judge